THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR16-0136-JCC |
| Plaintiff, | ORDER |
| v. | |
| OSCAR URIEL BARRON GONZALEZ, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion to reduce his sentence and for compassionate release (Dkt. No. 294). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained below.

I.      BACKGROUND

The Court sentenced Defendant on August 10, 2018, following his conviction for conspiracy to distribute controlled substances and possession of a firearm in furtherance of a drug trafficking offense. (Dkt. No. 278.) This Court calculated his total offense level to be 37. (Dkt. No. 291 at 9.) Defendant's criminal history category was Category I, and the resulting sentencing guidelines range was 210–262 months of incarceration. (*Id.*) The Court imposed a below-guideline sentence of 120 months' imprisonment. (Dkt. No. 291.)

Defendant has filed a motion seeking compassionate release under 18 U.S.C.

§ 3582(c)(1)(A) and a reduction in his sentence under 18 U.S.C. § 3582(c)(2) (Dkt. No. 294). The Government opposes the motion. (Dkt. No. 303.)

## II.    DISCUSSION

Under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce a term of imprisonment if extraordinary and compelling reasons warrant a reduction, a defendant has exhausted his administrative remedies, the defendant would not present a danger to the community, and a reduction is consistent with the factors articulated in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.

The administrative exhaustion requirement is a mandatory claim-processing rule that must be enforced by the district court when the government properly invokes it. *See United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021). The Government has done so here. (Dkt. No. 303 at 6.) To satisfy this requirement, Defendant must either "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons" to file a motion seeking compassionate release, or he must wait "30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier." § 3582(c)(1)(A).

Here, Defendant fails to demonstrate that he has exhausted his administrative rights of appeal with the Bureau of Prisons. (*See generally* Dkt. 294.) Similarly, Defendant's own counsel concedes that "it is unclear whether Mr. Barron Gonzalez has filed a request with the warden regarding a reduction in his sentence as required by the statute. There is no such request within this record." (Dkt. No. 304 at 5.) Defendant thus fails to establish administrative exhaustion, and his motion for compassionate release under § 3582(c)(1)(A) is DENIED without prejudice to renewing after he exhausts the proper administrative procedures.

Defendant also moves for a sentence reduction under 18 U.S.C. § 3582(c)(2), which authorizes a court to reduce a term of imprisonment for a defendant sentenced to incarceration "based on a sentencing range that has *subsequently* been lowered by the Sentencing Commission." *Dillon v. United States*, 560 U.S. 817, 826 (2010) (emphasis added). In particular,

Defendant's motion is based on Amendment 782 to the United States Sentencing Commission's Sentencing Guidelines ("Guidelines"). (Dkt. No. 294 at 2.) Amendment 782 to the Guidelines lowered the penalties for most drug offenses and made other related adjustments to the Guidelines. U.S.S.G. §§ 1B1.10, 2D1.1. Amendment 782 became effective on November 1, 2014. U.S.S.G. app. C, amend. 782.

The Court sentenced Defendant on August 10, 2018, (Dkt. Nos. 270 at 6, 277)—after Amendment 782 had already taken effect. Because the range was lowered before Defendant's sentencing, the Court lacks any ability to grant him relief under § 3582(c)(2). *See Dillon*, 560 U.S. at 826.

## III.   CONCLUSION

For the foregoing reasons, Defendant's motion (Dkt. No. 294) for compassionate release is DENIED without prejudice to refiling once he satisfies the administrative exhaustion requirement.

DATED this 18th day of January 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE